# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TONYA S. SNYDER-GIBSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 06-1177-JTM |
| ) | |
| CESSNA AIRCRAFT CO., ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM AND ORDER

Before the Court are Plaintiff's previously addressed Application for Leave to File an Action Without Payment of Fees, Costs, or Security (Doc. 2, Sealed) and an Application for Appointment of Counsel (Doc. 3), which the Court took under advisement in its August 14, 2006, Order. (Doc. 7.) In that Order, the Court required Plaintiff to file a Supplement clarifying the details of her Complaint in order to put Defendant on notice of its alleged wrongful conduct and to provide the Court with sufficient detail to ensure the claims are not frivolous. (*Id.*) Plaintiff has filed her Supplement. (Doc. 8.)

Also before the Court are Plaintiff's Motion requesting certain documents be entered into evidence (Docs. 5, 15), a motion for Defendant to provide Plaintiff's personnel file and for a Court Order to inspect certain Kansas Human Rights

Commission records (Doc. 6), a motion to reconsider Plaintiff's financial affidavit (Doc. 9), a motion to supplement Plaintiff's Complaint (Doc. 11), and various motions to seal certain documents (Doc. 12-14, 17). Defendant has not been served and, therefore, has not entered an appearance. As such, no responses have been filed to any of Plaintiff's Motions. After a careful review of Plaintiff's submissions, the Court is prepared to rule on these motions.

**I.      Motion to Proceed *In Forma Pauperis*.**

Plaintiff Tonya S. Snyder-Gibson previously filed an Application for Leave to File an Action Without Payment of Fees, Costs, or Security (Motion to Proceed *In Forma Pauperis*), which included an Affidavit of Financial Status (Doc. 2, Sealed), an Application for Appointment of Counsel (Doc. 3), and an Affidavit of Financial Status in Support of Application for Appointment of Counsel (Doc. 4, Sealed). The Court addressed these filings in its August 14, 2006, Order (Doc. 7), stating that it was taking Plaintiff's applications under advisement because of her failure to provide sufficient financial information to allow the Court to make an appropriate comparison between Plaintiff's monthly income and her listed monthly expenses. Plaintiff was ordered to review her prior financial affidavits and file (under seal) a Supplemental Affidavit outlining specifically all sources of income which Plaintiff receives, the amount of any such benefits, and whether they are

paid on a monthly basis or some other payment basis.  Plaintiff has now done so.[1] (Doc. 10.)

The Court addressed the legal standards that apply to an IFP application in its previous order.  (Doc. 7.)  That discussion is incorporated herein by reference.  Suffice it to say that courts recognize a liberal policy toward permitting proceedings *in forma pauperis.  See* **Yellen v. Cooper**, 82 F.2d 1471 (10th Cir. 1987).

The supplemental financial information provided by Plaintiff (Doc. 10) enumerates her monthly income and expenses.  It includes more specific information regarding her sources of income (including insurance proceeds and bi-weekly child support payments) as well as her expenses (which include reasonable amounts for her mortgage, utilities, automobile expenses, groceries, and medical expenses).  Based on the Court's review of this itemization, it appears that Plaintiff's monthly net expenses actually exceed her monthly income.

**IT IS THEREFORE ORDERED** that Plaintiff's Application for Leave to File Action Without Payment of Fees, Costs, or Security is **GRANTED**.

---

[1] Because the Court ordered Plaintiff to supplement her affidavit of financial status and she has now done so, her motion "to request reconsideration of Petitioners [sic] Affidavit of Financial Status" (Doc. 9) is hereby **DENIED** as moot.

## II. Sufficiency of the Complaint

Under the Federal Rules of Civil Procedure, a Complaint generally need not plead detailed facts. Fed. R. Civ. P. 8(a). A Complaint is adequate if it gives the defendant sufficient notice of the claims asserted by the plaintiff so that they can provide an appropriate answer. ***Monroe v. Owens***, Nos. 01-1186, 01-1189, 01-1207, 2002 WL 437964 (10th Cir. Mar. 21, 2002). However, Rule 8(a) requires three minimal pieces of information in order to provide such notice to the defendant: (1) the pleading should contain a short and plain statement of the claim showing the pleader is entitled to relief; (2) a short and plain statement of the grounds upon which the court's jurisdiction depends; and (3) the relief requested. Fed. R. Civ. P. 8(a).

Where a plaintiff is proceeding *pro se*, pleadings are viewed even more generously. ***Northington v. Jackson***, 973 F.2d 1518, 1520-21 (10th Cir. 1992). On the other hand, when a plaintiff is proceeding *in forma pauperis*, a court has a duty to review the complaint for frivolousness. 28 U.S.C. § 1915(e)(2). Accordingly, the Complaint is reviewed to ensure a proper balance between these competing interests.

In the Court's Order of August 14, 2006, (Doc. 7), Plaintiff was ordered to clarify her Complaint to put Defendant on notice of its alleged wrongful conduct

4

and to provide the Court with sufficient detail to ensure Plaintiff's claims are not frivolous. Plaintiff was instructed to describe approximately when, where and how the Defendant and/or its representatives violated her rights, and what rights were violated. (*Id.*) Plaintiff filed her supplement in a document entitled "Details of Complaint Orders."[2] (Doc. 8.)

Plaintiff's initial complaint (Doc. 1) was a completed Civil Complaint Form provided by the Clerk of the Court for use pursuant to Title VII of the Civil Rights Act of 1964 and/or the Age Discrimination in Employment Act and/or the Americans With Disabilities Act. Plaintiff checked the boxes indicating that she was bringing the action for violation of Title VII and the American With Disabilities Act, and she complained about (a) termination of employment, (b) retaliation, (c) failure to accommodate disability (depression) and (d) other acts concerning misuse of her employee photograph. (Doc. 1 at 3.) The factual statements Plaintiff included in her original Complaint are summarized and discussed in the Court's previous Order (Doc. 7) and will not be repeated here.

---

[2] Plaintiff filed a motion on September 1, 2006, (Doc. 11), requesting that the Court also consider a document attached to that motion as part of the supplement to Plaintiff's Complaint. Apparently, the document was initially rejected by the clerk as "unreadable." Plaintiff's motion (Doc. 11) is hereby **GRANTED** and the document attached thereto shall be considered a portion of Plaintiff's supplemental Complaint. Defendant, upon service, shall be required to answer the allegations contained in this document as if they were contained in Plaintiff's Complaint and/or supplement thereto.

The statements are, however, incorporated by reference. Suffice it to say, Plaintiff's original factual statements did not provide sufficient detail to Defendant or the Court.

Plaintiff's Supplement provides a significant amount of additional detail regarding her complaints. Included in the lengthy Supplement are Plaintiff's contentions that Defendant violated her rights under the ADA and/or Family and Medical Leave Act by refusing to provide her with leave or accommodation, Defendant discriminated/retaliated against her for attempting to exercise her rights under the FMLA and/or for complaining of sexual harassment, Defendant wrongfully and/or retaliatorily terminated her employment, and Defendant subjected her to discipline in a discriminatory manner. Plaintiff's supplement contains dates of various complained of acts, as well as names of witnesses and/or the alleged actors.

This additional information, while not artfully worded or presented in a technically correct format, sufficiently places Defendant on notice of the allegedly wrongful conduct. It establishes jurisdiction with the District Court by raising federal questions under the ADA, Title VII, and/or the FMLA. Further, reviewing Plaintiff's factual contentions in the light most favorable to her, the Court cannot find that her claims are frivolous as a matter of law. Plaintiff's Complaint (Doc. 1)

and supplements (Docs. 8, 11) are therefore legally sufficient for the case to proceed.

**III.    Motion for Appointment of Counsel.**

Plaintiff previously filed an Application for the Appointment of Counsel (Doc. 3), which was also taken under advisement by the Court in its August 14, 2006, Order.  The Court stated that it was unable to rule on this Motion given the insufficiencies of Plaintiff's initial Complaint (Doc. 1) and the limited amount of financial information she submitted (Doc. 4).  As Plaintiff has now supplemented both her Complaint and financial information, the Court is prepared to rule on her request for appointment of counsel.

The Tenth Circuit has identified four factors to be considered when a court is deciding whether to appoint counsel for an individual: (1) plaintiff's ability to afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without the aid of counsel.  ***McCarthy v. Weinberg***, 753 F.2d 836, 838-39 (10th Cir. 1985) (listing factors applicable to applications under the IFP statute); ***Castner v. Colorado Springs Cablevision***, 979 F.2d 1417, 1421 (10th Cir. 1992) (listing factors applicable to applications under Title VII).

Considering the Court's finding in favor of Plaintiff's request for *IFP* status, above, the first factor weighs in her favor. The Court acknowledges that Plaintiff has been diligent in searching for counsel, which establishes the second factor. Even so, none of the contacted attorneys has been willing to take the case. This indicates to the Court that Plaintiff's case may be without merit, which weighs the third factor against Plaintiff.[3]

This brings the Court to the final factor – Plaintiff's ability to prepare and present her case without counsel. Although the supplement to Plaintiff's complaint is highly detailed, "the facts and issues in the case are not complicated." **Martin v. Central States Emblems, Inc**., 150 Fed.Appx. 852, at \*\*6 (10th Cir. 2005) (so holding in an employment law case brought by a *pro se* prison inmate against his former employer). Further, Plaintiff has "failed to show special circumstances preventing [her] from presenting [her] claims . . ." *Id*.

Therefore, Plaintiff's Application for the Appointment of Counsel (Doc. 3) is hereby **DENIED**, **without prejudice**, subject to future review by the Court should there be a sufficient showing of circumstances preventing Plaintiff from

---

[3] As discussed above, however, the Court finds sufficient basis to determine that Plaintiff's claims under Title VII, the ADA and/or the FMLA establish federal court jurisdiction and are not *per se* frivolous as a matter of law.

representing herself.[4]

## IV.     Plaintiff's Motion to Enter Into Evidence.

On June 19, 2006, Plaintiff filed a motion requesting four documents be entered into evidence – a June 23, 2005, letter from Cessna signed by Dana Koehler, a series of prescription forms "documenting [her] medical condition and requests for work transfer," a pay stub "verifying wage payment for the period ending 12/05/2004," and a July 15, 2005, Notice of Determination from the Kansas Department of Labor "stating insufficient evidence for [Plaintiff's] termination of employment."  (Doc. 5.)  A similar motion was filed on December 11, 2006, requesting that a "brief history" of Plaintiff's employment, which she had drafted, also be entered into evidence (Doc. 15) along with various documents regarding Plaintiff's employment with Defendant, including grievance forms, disciplinary action forms, transfer requests, union fact sheets, memos, and hand-written notes (Doc. 16).

The Court recognizes these documents may have some evidentiary value to the matter before the Court.  Even so, there is no appropriate mechanism for "entering" the documents "into evidence" at this stage of the proceedings.  For

---

[4] Another of Plaintiff's motions seeks, in part, the appointment of legal assistance. (Doc. 5.)  That motion is also **DENIED, without prejudice**, to the extent it requests the appointment of counsel.

instance, documents may be exchanged by the parties during the course of discovery, used as exhibits at depositions, attached as exhibits in support of motions filed, or submitted as trial exhibits. They are not to be entered into evidence *sua sponte*. Plaintiff is, however, free to amend her Complaint to include references to these documents (or to attach them as exhibits to an Amended Complaint) should she so choose.   Therefore, Plaintiff's motions (Docs. 5, 15) are hereby **DENIED**.

**V.     Motion for Discovery of Certain Documents**.

Plaintiff also filed a motion requesting that Defendant provide her personnel file and for an Order for inspection of certain Kansas Human Rights Commission records. (Doc. 6.)  Plaintiff's motion is actually a request for discovery. Pursuant to the federal rules,

> [p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter.

Fed.R.Civ.P. 26(b)(1). The methods of discovery allowed under the federal rules are enumerated in Rule 26(a)(5), and include a request for production of documents. A party may not, however, seek discovery "from any source" until

after the parties have engaged in their Rule 26(f) conference, except under limited circumstance. *See* Fed.R.Civ.P. 26(d), (f). Because Defendant has not been served with Plaintiff's Complaint and, therefore, has not entered an appearance, the parties could not have participated in their mandated conference under Rule 26(f). As such, Plaintiff's request for her personnel file is premature and is **DENIED**, without prejudice.[5]

Plaintiff's request for an Order allowing inspection of certain KHRC records is also premature. Rule 26(d) clearly prohibits seeking discovery "from any source." Although Plaintiff is not requesting these documents from a party to this lawsuit, she is, in effect, seeking discovery from the KHRC. This cannot occur until the parties to this action participate in their Rule 26(f) conference. Plaintiff's motion (Doc. 6) is, therefore, **DENIED**, without prejudice. Plaintiff, solely or jointly with Defendant, shall be free to seek an Order from the Court for inspection of relevant KHRC documents after the parties' have engaged in their Rule 26(d) conference.

## VI.  Motion to File Under Seal.

In ***Bryan v. Eichenwald***, 191 F.R.D. 650 (D. Kan. 2000), Judge Rushfelt

---

[5] Should Plaintiff seek these documents during the discovery phase of this case, she must first serve a discovery request on Defendant prior to filing any relevant discovery motion with the Court.

reviewed the standards that apply when parties seek to file pretrial motions under seal.  After reviewing cases both in the discovery and non-discovery context, the court determined that

> To protect the interest of the public, parties seeking to seal documents relating to discovery must demonstrate good cause for such action.  Good cause to override the public's interest in the case by sealing a part or the whole of the record of the case generally does not exist unless a property or privacy interest of a litigant predominates the case.
>
> \* \* \*
>
> At whatever stage of the litigation, however, the movant must demonstrate a public or private harm sufficient to overcome the public's right of access to judicial records.

191 F.R.D. at 652-53.[6]  *See also* **Williams v. Sprint/United Management Co.,** 222 F.R.D. 483, 488-89 (D. Kan. 2004).  For this reason, courts in this district have refused to allow protective orders which permit any party to file documents under seal without first filing a motion with the court and identifying the public or private harm that would allegedly occur if the document were filed of record without being sealed.  **Worford v. City of Topeka,** No. 03-2450-JWL-DJW, 2004 WL 316073 (D.

---

[6] Other courts in the district have distinguished somewhat between the broad latitude the court has to accord confidentiality to the parties' discovery and other preliminary proceedings, and the narrower discretion the court has in issuing orders resolving litigation.  *See e.g.,* **Vulcan Materials Co. v. Atofina Chemicals Inc.,** 355 F. Supp. 2d 1214, 1216-18 (D. Kan. 2005) (noting the strong public policies supporting open access to the decisions of the courts and concluding that documents used by parties moving for, or opposing, summary judgment should not remain under seal absent the most compelling reasons.)

Kan. Feb. 17, 2004).

While the Supreme Court recognizes a common law right of access to judicial records, it notes that this right is not absolute. ***Nixon v. Warner Comm., Inc.,*** 435 U.S. 589, 598, 98 S.Ct. 1306, 1312, 55 L.Ed.2d 570 (1978). In exercising its discretion, a court is justified in denying access where court files might become a vehicle for some improper purpose. *Id.*

With the above standards in mind, the court has reviewed Plaintiff's various motions to seal (Docs. 12-14, 17.) Unfortunately, Plaintiff has not only failed to provide the Court with any argument or authority as to why the documents should be filed under seal, she has failed to provide the Court with the actual documents she is seeking to file under seal. (*See Id.*) In the absence of the documents involved as well as a lack of any discussion by Plaintiff regarding her requests, the Court is unable to address the merits of Plaintiff's motions. The motions (Docs. 12-14, 17) are, therefore, **DENIED**.[7]

---

[7] To the extent Plaintiff was attempting, through these motions, to have certain documents "entered into evidence," the Court directs Plaintiff to section IV of this Order. In the future, Plaintiff is encouraged to refrain from filing similar motions to enter documents into evidence.

**IT IS THEREFORE ORDERED** that Plaintiff's Application for Leave to File Action Without Payment of Fees, Costs, or Security (Doc. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff provide to the Clerk of the Court within ten (10) days of the date of this Order, the addresses on which service of process may be obtained for the Defendant.  Thereafter, the Clerk of the Court is **ORDERED** to issue the appropriate summons.

**IT IS ORDERED** that Plaintiff's Motion to Supplement her Complaint (Doc. 11) is hereby GRANTED and Plaintiff's Complaint (Doc. 1) is hereby supplemented to include the allegations in Plaintiff's supplements (Docs. 8, 11).

**IT IS FURTHER ORDERED** that Plaintiff's Application for the Appointment of Counsel (Doc. 3) is hereby **DENIED, without prejudice**.  To the extent an additional motion (Doc. 5) requests appointment of legal assistance, it is also **DENIED, without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's various motions to enter documents into evidence (Docs. 5, 15) are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion requesting discovery of her personnel file (Doc. 6) is **DENIED**.  The portion of this motion requesting an Order to inspect certain Kansas Human Rights Commission records is **DENIED, without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's request for reconsideration of Petitioners Affidavit of Financial Status (Doc. 9) is hereby **DENIED** as MOOT.

**FINALLY, IT IS ORDERED** that Plaintiff's various motions to file and/or submit certain documents to the Court under seal (Docs. 12-14, 17) are **DENIED**.

Dated at Wichita, Kansas, on this 14th day of February, 2007.

  s/   DONALD W. BOSTWICK
DONALD W. BOSTWICK
United States Magistrate Judge