IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TONYA SNYDER-GIBSON,

    Plaintiff,

vs.                              Case No. 06-1177-JTM

CESSNA AIRCRAFT COMPANY,

    Defendant.

MEMORANDUM AND ORDER

This matter is before the court on the Motion to Dismiss (Dkt. No. 23) filed by defendant Cessna Aircraft Company. Pro se plaintiff Tonya Snyder-Gibson has filed a complaint advancing various claims against her former employer, including violations by Cessna of the Americans with Disabilities Act ("ADA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), Title II of the Civil Rights Act of 1964 ("Title II"), the Wagner Act, the Equal Protection Clause, and various alleged common law claims, including abuse of power, poor management acts, defamation, false light invasion of privacy, and civil conspiracy.

Cessna argues that plaintiff's ADA claim is defective because Snyder-Gibson does not allege that she has a disability, or that it failed to take reasonable steps to accommodate any such disability. It argues that the Title VII claim is deficient because there is no allegation that Snyder-Gibson exhausted her administrative remedies, or that she was singled out for discipline because of her gender. It argues that Title II is not applicable because it is an employer and not a place of public accommodation, that the Wagner Act (29 U.S.C. § 141 et seq.) provides that the National Labor

Relations Board has the sole jurisdiction for claims under the Act, and that it is not a state actor for purposes of the Equal Protection Clause. It further argues that Snyder-Gibson fails to set forth any valid pendent state law claims.

Snyder-Gibson has filed a short response, barely exceeding two pages, which fails to correct any of the deficiencies identified by Cessna. Instead, Snyder-Gibson merely appends a variety of documents from her employment history and advances the conclusory allegation that through the evidence she will produce, the plaintiff will "open the door for other (sic) to see you cant (sic) use someone (sic) impairment for your own personal gain." (Dkt. No. 28, at 3).

Granting every reasonable inference in favor of the pro se plaintiff and reviewing all of the materials submitted by her, the court is still unable to find that she has satisfactorily alleged any of the causes of action set forth in her original complaint. Cessna's motion complained that Snyder-Gibson's complaints were wholly conclusory and unfounded. Snyder-Gibson's response is, if anything, even more opaque than her original complaint with respect to many of her claims. The plaintiff has failed to provide any support other than conclusory allegations to bolster her complaint, and the motion to dismiss is therefore justified. *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007). Specifically, with respect to her claims under the ADA, while the documentation supplied by plaintiff includes indications that she suffers from bipolar disorder, the plaintiff has still failed to make any showing or allegation as to two essential elements of an ADA claim: that she could perform the essential functions of her job with or without reasonable accommodation, and that Cessna failed to reassign her to a vacant position. *See Bartee v. Michelin North Am., Inc.*, 374 F.3d 906, n.4 (10th Cir. 2004). Snyder-Gibson complains that Cessna should have transferred her to a different supervisor, but courts have repeatedly held that such requests go beyond reasonable

accommodation. *See, e.g., Weiler v. Household Finance Corp.*, 101 F.3d 519, 526 (7th Cir. 1996). Further, even if the request were deemed reasonable, Snyder-Gibson has not shown that there was a vacant position available in another detail. *See Smith v. Midland Brake, Inc*., 180 F.3d 1154, 1176 (10th Cir. 1999).

The complaint also fails to state a claim with respect to Title VII. Snyder-Gibson has failed to make any allegation that the officer who decided to terminate her had any knowledge of any harassment complaints she made with respect to a particular supervisor. Snyder-Gibson makes no effective response to Cessna's argument that there is no claim under Title II, no claim for civil conspiracy, and, in light of a failure to exhaust her administrative remedies, no claim under the Wagner Act. Cessna is a private entity, not a state actor, and dismissal is appropriate as to Snyder-Gibson's Equal Protection claim.

With respect to her claims of defamation and false light privacy, Snyder-Gibson complains in her response that Cessna posted a photograph of her in its security office. She also submits a multiple hearsay account (her daughter's account of what a friend told her of what the friend's father, who worked at Cessna, said), that a photograph of the plaintiff had been pasted over a photograph of Osama Bin Laden somewhere at Cessna. With respect to the first photograph, there is no evidence or allegation that the photograph posted in the security office was in any way false or that it was highly offensive. *See Ianson v. Zion-Benton Township High School*, Case No. 00-C-2133, 2001 WL 185021, at *6-7 (N.D. Ill. February 16, 2001) (posting of photograph of suspended students with instruction to exclude the subject from school was not a defamatory statement). With respect to the second alleged photograph incident, there is no evidence or

allegation that any Cessna agent acting in the scope of his employment either knew of or tolerated the incident.

IT IS ACCORDINGLY ORDERED this 25th day of July, 2007, that the defendant's Motion to Dismiss (Dkt. No. 23) is hereby granted.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE
