IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TONYA SNYDER-GIBSON,

    Plaintiff,

vs.

Case No. 06-1177-JTM

CESSNA AIRCRAFT COMPANY,

    Defendant.

MEMORANDUM AND ORDER

This matter is before the court on the pro se plaintiff Tonya Snyder Gibson's Motion for Reconsideration (Dkt. No. 24). The court has previously granted (Dkt. No. 31) defendant Cessna Aircraft Company's Motion for Summary Judgment (Dkt. No. 23). Snyder-Gibson has advanced various claims against her former employer Cessna for a variety of federal and common law claims.

A motion to reconsider under Fed.R.Civ.Pr. 59(e) may be granted to correct manifest errors, or in light of newly discovered evidence; such a motion is directed not at initial consideration but reconsideration, and is appropriate only if the court has obviously misapprehended a party's position, the facts, or applicable law, has mistakenly decided issues not presented for determination, or the moving party produces new evidence which it could not have obtained through the exercise of due diligence. *Anderson v. United Auto Workers*, 738 F.Supp. 441, 442 (D. Kan. 1989). A motion to reconsider is not "a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. GMC*, 846 F.Supp. 1482 (D.Kan.), *aff'd*, 43 F.3d 1484

(10th Cir. 1994). The resolution of the motion is committed to the sound discretion of the court. *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

In her motion, Snyder-Gibson merely asks for reconsideration of the court's ruling, but offers no argument that any of the requirements for relief under Rule 59 are met. Instead, she merely submits that "there is a possibility I was wronged all the way around." (Dkt. No. 33, at 2). Snyder-Gibson makes no attempt to correct any of the deficiencies with her complaint identified in the court's Order granting summary judgment. Accordingly, the Motion for Reconsideration will be denied.

In addition to the foregoing, the plaintiff has also moved for appointment of counsel (Dkt. No. 36), for discovery (Dkt. No. 38), and moved under seal for leave to file under seal (Dkt. No. 37). Each of these motions shall be denied. Plaintiff has presented no rational for the granting of such motions, and there is no basis for concluding that they would present a basis for relief under Rule 59 – that they would produce new evidence, not previously available to the plaintiff through the exercise of due diligence; nor is there any reason for concluding that they would lead to a different result from that reflected in the previous Order of summary judgment.

IT IS ACCORDINGLY ORDERED this 26th day of March, 2008, that the plaintiff's various Motions (Dkt. No's 33, 36, 37, 38) are hereby denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE